IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TRINA B.[1], | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 7:17CV472 |
| | ) |
| NANCY A. BERRYHILL, | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Trina B. ("Trina") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") finding her not disabled and therefore ineligible for supplemental security income ("SSI") and disability insurance benefits ("DIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433, 1381–1383f. Trina alleges that the Administrative Law Judge ("ALJ") erred by failing to properly: (1) evaluate her mental impairments; (2) determine her RFC; and (3) assess her subjective allegations regarding her symptoms.

I agree that the ALJ failed to properly evaluate Trina's mental impairments under SSR96-8P and conclude that the ALJ failed to properly account for her moderate impairments in concentration, persistence, or pace, and thus the decision is not supported by substantial evidence. Accordingly, I **RECOMMEND GRANTING in part** Trina's Motion for Summary

---

[1] Due to privacy concerns, I am adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts use only the first name and last initial of the claimant in social security opinions.

Judgment (Dkt. No. 13), **DENYING** the Commissioner's Motion for Summary Judgment (Dkt. No. 17), and **REMANDING** this matter for further administrative consideration.

## **STANDARD OF REVIEW**

This court limits its review to a determination of whether substantial evidence exists to support the Commissioner's conclusion that Trina failed to demonstrate that she was disabled under the Act.[2] Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and alterations omitted). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

However, remand is appropriate if the ALJ's analysis is so deficient that it "frustrate[s] meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (noting that "remand is necessary" because the court is "left to guess [at] how the ALJ arrived at his conclusions"); see also Monroe v. Colvin, 826 F.3d. 176, 189 (4th Cir. 2016) (emphasizing that the ALJ must "build an accurate and logical bridge from the evidence to his conclusion" and holding that remand was appropriate when the ALJ failed to make "specific findings" about whether the claimant's limitations would cause him to experience his claimed symptoms during work and if so, how often) (citation omitted). In Mascio and Monroe, the court remanded because the ALJ failed to adequately explain how he arrived at conclusions regarding the claimant's RFC.

---

[2] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

Mascio, 780 F.3d at 636, Monroe, 826 F.3d. at 189. Similarly, I find that remand is appropriate here because the ALJ's opinion leaves the court to guess at how he reached his conclusions regarding Trina's RFC.

## CLAIM HISTORY

Trina filed for SSI and DIB in April 2013, initially claiming that her disability began on September 11, 2012[3], due to fibromyalgia, migraines, depression, asthma, chronic bronchitis, and knee spurs.[4] R. 225, 227, 247. The state agency denied Trina's claims at the initial and reconsideration levels of administrative review. R. 79–89, 90–100, 103–15, 116–28. A hearing was held before ALJ Jeffrey J. Schueler on June 23, 2016. R. 32–78. Counsel represented Trina at the hearing, which included testimony from vocational expert John F. Newman. On October 5, 2016, ALJ Schueler entered his decision considering Trina's claims under the familiar five-step process[5] and denying her claim for benefits. R. 14–26.

The ALJ found that Trina suffered from the severe impairments of asthma, fibromyalgia, headaches, major depressive disorder, anxiety, and bipolar disorder.[6] R. 17. The ALJ determined that these impairments, either individually or in combination did not meet or medically equal a

---

[3] Trina's date last insured was September 30, 2017; thus she would need to show that her disability began on or before this date and existed for twelve continuous months to receive disability insurance benefits. R. 14, 90; U.S.C. §§ 423(a)(1)(A), (c)(1)(B), (d)(1)(A); 20 C.F.R. §§ 404.101(a), 404.131(a).

[4] Trina was 50 years old on the date of the ALJ's opinion, which is considered a person closely approaching advanced age under the Medical Vocational Guideline. R. 24.

[5] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R.§ 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. At the fifth step, the burden shifts to the Commissioner to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

[6] The ALJ found that Trina's gastroesophageal reflux disease was a nonsevere impairment. R. 17.

listed impairment. R. 17–19. The ALJ specifically considered listing 12.04 (affective disorders), listing 12.06 (anxiety related disorders), listing 11.00 et. seq. (neurological impairments), and listing 14.01 (immune system disorders). Id. The ALJ found that, regarding her mental impairments, Trina had mild restriction in activities of daily living and social functioning, and moderate difficulties in concentration, persistent, or pace, and no episodes of decompensation. R. 18.

The ALJ concluded that Trina retained the residual functional capacity ("RFC") to perform a limited range of light work. R. 19. Specifically, the ALJ found that Trina can frequently stoop, but only occasionally climb, kneel, crouch, or crawl, and must avoid concentrated exposure to cold, heat, pulmonary irritants, chemicals, and hazards such as moving machinery and heights. Trina also needs to work in a low stress job, defined as having only occasional decision making or changes in the work setting. Id. The ALJ determined that Trina is able to perform her past relevant work as a cafeteria worker. R. 24. The ALJ also determined that she could perform jobs that exist in the national economy, such as assembler and packer. R. 25. Thus, the ALJ concluded that Trina was not disabled. R. 26. Trina appealed the ALJ's decision and the Appeals Council denied her request for review on August 16, 2017. R. 1–3.

## ANALYSIS

Trina alleges that the ALJ failed to properly: (1) evaluate her mental impairments; (2) determine her RFC; and (3) assess the consistency of her complaints about her symptoms with the evidence.

**A. Medical History**

1. <u>Physical and Mental Impairments</u>

Trina was diagnosed with fibromyalgia in February 2013, and has received treatment from her family doctor, including muscle relaxers and antidepressant medication. R. 388, 422. She also has a history of anxiety and depression. R. 422, 431. In May 2014, she reported that her depression and fibromyalgia were "satisfactorily managed." R. 482. Trina had nine psycotherapy sessions in 2014-2015 for her depression, which indicated her mood was depressed, but her thought process was goal-directed, and her mental status was alert, oriented, and cooperative. R. 510, 515, 532, 552, 557, 582–83, 621. She reported "improved mood" in December 2014 due to "staying busy," and in January and March 2015 indicated that she was "generally handling things well" despite some "significant psychosocial stressors." R. 551, 556, 582. Her therapy was terminated in April 2015 because she had met her goals. R. 622.

2. <u>Medical Opinion Evidence</u>

In October 2013 and August 2014, respectively, state agency doctors Gene Godwin, M.D. and James Darden, M.D., reviewed the record and both found that Trina was capable of a limited range of light work. R. 85–86, 96–98, 111–113. Howard Leizer, Ph.D. and Joseph Leizer, Ph.D., state agency psychologists, also reviewed the record and found that Trina's affective disorder resulted in mild restrictions of activities of daily living, and mild difficulties maintaining social functioning and maintaining concentration, persistence, or pace, and no repeated episodes of decompensation.[7] R. 95, 110. The ALJ gave these opinions great weight, finding that the examiners have knowledge of the Social Security program and that their opinions are consistent

---

[7] Dr. Joseph Leizer found no restriction in activities of daily living. R. 110.

5

with the longitudinal medical record. Two paragraphs later, however, the ALJ gave no weight to the state agency psychiatric review technique without explanation of this apparent discrepancy.

### B. Mental Impairments under SSR 96-8P

Trina argues that the ALJ failed to properly assess her mental impairments as required by by SSR 96-8P.[8] See Titles II & Xvi: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8P (S.S.A. July 2, 1996). Specifically, Trina makes an argument under Mascio, 780 F.3d 632, asserting that the ALJ failed to address her moderate limitations in concentration, persistence, or pace in assessing her RFC. The Commissioner counters that the ALJ adequately explained the RFC, and further contends that the ALJ "did not find [that Trina] had limitations in pace or the ability to stay on task because the record did not support such a finding." D's Br. at 12, Dkt. No. 18.

SSR 96-8P requires the ALJ to include a narrative discussion describing how the evidence supports his conclusions when developing the RFC. Teague v. Astrue, No. 1:10-cv-2767, 2011 U.S. Dist. LEXIS 153878, at *23, 2011 WL 7446754, at *8 (D.S.C. Dec. 5, 2011). The ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8P at *7; Meadows v. Astrue, No. 5:11-cv-63, 2012 U.S. Dist. LEXIS 115150, at *24, 2012 WL 3542536, at *8 (W.D. Va. Aug. 15, 2012) (citing Davis v. Astrue, No. 9-cv-2545, 2010 U.S. Dist. LEXIS 132972, at *15-16, 2010 WL 5237850, at *5 (D. Md. Dec. 15, 2010)); Monroe, 826 F.3d at 189 (emphasizing that the ALJ

---

[8] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." Pass v. Chater, 65 F.3d 1200, 1204 n.3 (4th Cir. 1995).

must "build an accurate and logical bridge from the evidence to his conclusion" and holding that remand was appropriate when the ALJ failed to make "specific findings" about whether the claimant's limitations would cause him to experience his claimed symptoms during work and if so, how often).

In discussing Trina's medical records, the ALJ writes:

> The record reflects that [Trina] carries diagnoses of major depressive disorder, anxiety, and bipolar disorder. Due to concentration, persistence, or pace issues from mental impairments and pain, [Trina] could perform low-stress jobs, defined as jobs with only occasional decision making and occasional changes in the work setting.

R. 21. The ALJ noted Trina's "reported symptoms of anhedonia, depressed mood, hopelessness, negative self-evaluation, increased sleep, little energy, and suicidal ideation with vague plan, as well as several days of manic symptoms." R. 18. The ALJ also noted Trina's Function Report from January 2012, where stated she had an attention span of 45-60 minutes, finished what she started, and followed instructions well, but handled stress poorly. R. 18, 299. However, Trina indicated in this same Function Report that her medications have "messed with [her] concentration and memory."[9] R. 299. The ALJ emphasized in his opinion that Trina had reported improved mood symptoms and ended her therapy treatment in April 2015, while continuing medication management of her mental impairments. R. 18

The ALJ indicated that, in addition to limitations imposed for physical impairments, due to her moderate limitations in concentration, persistence, or pace, Trina needed to work in a low stress job, which had only occasional decision making or changes in work setting. Thus, the ALJ imposed "low stress work" in response to Trina's moderate limitations in maintaining concentration, persistence, or pace. In Mascio v. Colvin, the Fourth Circuit held that "an ALJ

---

[9] Trina also testified during her hearing before the ALJ that she had trouble concentrating, focusing, and remembering things. R. 63.

7

does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)). The Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that without such an explanation, remand was necessary. Id. Thus, while Mascio does not broadly dictate that a claimant's moderate impairment in concentration, persistence, or pace always translates into a limitation in the RFC, it does underscore the ALJ's duty to adequately review the evidence and explain the decision. This is especially so where, as the ALJ held in Mascio, a claimant's concentration, persistence, or pace limitation does not affect the ability to perform simple, unskilled work. See also Monroe, 826 F.3d at 176 (emphasizing that the ALJ must provide a sound basis for his ruling, including discussing what evidence he found credible and specifically apply the law to the record).

Here, the ALJ did not explain why a limitation to low stress work sufficiently accommodates Trina's moderate difficulty with concentration, persistence or pace. At bottom, the ALJ found Trina to have a moderate limitation in these areas despite the contrary findings of the state agency physicians. The ALJ then failed to properly account for these limitations in the RFC. See Hagerdorn v. Colvin, No. 2:12-cv-29-RLV, 2015 WL 4410288, at *4 (W.D.N.C. July 20, 2015) (finding that limitations to simple, routine, and repetitive tasks in a low-production, low-stress work setting, defined as occasional change in job setting or decision making,

8

accounted for some of claimant's mental limitations, but not for his moderate limitations in concentration); Desilets v. Colvin, No. 2:14–cv–1693, 2015 WL 5691514, at *5 (D.S.C. Sep. 28, 2015) (remanding matter because RFC limiting claimant to "performing simple, repetitive tasks that are low stress and require no major decision-making or changes in the work setting" did not sufficiently address the claimant's moderate limitations in concentration, persistence, or pace). Indeed, as noted by the ALJ, Trina carries "diagnoses of major depressive disorder, anxiety, and bipolar disorder" and testified at the hearing that thought of going into public or changes in routine caused panic attacks. R. 20–21. Further, Trina testified at the hearing that she has trouble concentrating and focusing, needs to lie down at least twice a day for at least 30 minutes, is unable to sustain any household chores for more than 45 minutes and, at least twice per week, is unable to get out of bed. 62, 61–63.

The Commissioner's argument that the ALJ did not actually impose a moderate limitation on Trina's pace or her ability to stay on task is contradicted by the ALJ's opinion. Nowhere does the ALJ's opinion state that Trina has a moderate limitation in concentration, but not persistence or pace. Instead, the ALJ writes, "with regard to concentration, persistence, or pace [Trina] has moderate difficulties," and further, "[d]ue to concentration, persistence, or pace issues from mental impairments and pain, [Trina] could perform low-stress jobs." R. 18, 21. Further, the Commissioner's reasoning that the ALJ did not actually intend to impose moderate limitations in pace or ability to stay on task "because the record does not support such a finding" is not well taken. The Commissioner may be correct that the record does not support a moderate limitation in persistence or pace; indeed, the state agency psychologists found only mild limitations in concentration, persistence, or pace and the ALJ notes that no treating doctor placed any

9

restrictions on Trina.[10] R. 95, 110. However, the court must review the ALJ opinion as written, not delve into the record to try the disability case over again. See King v. Califano, 599 F.2d 597, 599 (4th Cir.1979) ("This Court does not find facts or try the case *de novo* when reviewing disability determinations.").

The ALJ imposed a moderate limitation in concentration, persistence, or pace, but does not discuss whether Trina has a diminished ability to stay on task or maintain an adequate pace. The only statement the ALJ makes is that because of concentration, persistence, or pace issues, Trina can perform a low stress job. He fails his obligation to explain why "low stress work" accommodates these moderate limitations. Thus, as in Mascio, this court is "left to guess about how the ALJ arrived at his conclusions." 780 F.3d at 637. In short, the ALJ's failure to explain *why* Trina's moderate concentration, persistence, or pace deficits did not translate into additional limitations in the RFC constitutes reversible error and requires remand. See id.; Nichols v. Colvin, No. 7:15-cv-44, 2016 WL 4529780, at *3–*4 (W.D. Va. Aug. 3, 2016); White v. Colvin, No. 4:14-CV-00018, 2015 WL 1958885, at *12 (W.D. Va. May 1, 2015). The ALJ must sufficiently articulate his findings such that the district court can undertake a meaningful review. Monroe, 826 F.3d at 189 (quoting Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013)) ("a necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling, including a discussion of which evidence that ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence); see also Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017) (emphasizing the importance of "[r]eaching a decision in a well-reasoned and documented fashion" and admonishing ALJs to "[s]how your work."). Perhaps the ALJ can explain why limiting Trina to low stress work

---

[10] However, the ALJ gave the state agency psychologists Psychiatric Review Technique ("PRT") assessments "no weight" stating that the PRT was "not entitled to be weighed." R. 23.

accommodates Trina's moderate limitations maintaining concentration, persistence, or pace. However, his failure to do so in this case is reversible error and requires remand.

Because I find that remand is warranted based on the ALJ's failure to properly account for Trina's moderate impairment in concentration, persistence, or pace, Trina's additional allegations of error will not be addressed. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). However, upon remand, the Commissioner should take into consideration Trina's remaining allegations of error.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that an order be entered **DENYING** the Commissioner's Motion for Summary Judgment (Dkt. No. 17), **GRANTING in part** Trina's motion for summary judgment (Dkt. No. 13), and **REMANDING** this matter for additional consideration under sentence four of 42 U.S.C. § 405(g).

The Clerk is directed to transmit the record in this case Elizabeth K. Dillon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof.  Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties.  Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objections, including the waiver of the right to appeal.

11

Entered: December 19, 2018

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge